IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ARTHUR CARSON                                                                    PLAINTIFF

VS.            CASE NO. 4:18-cv-00692-BSM

ROGER LACY, dba D & B JANITORIAL SERVICES;                  DEFENDANTS
LAIDLAW & LACY, INC.; and
CORPORATION-SERVICE CO.

### DEFENDANTS D&B JANITORIAL SERVICES AND LAIDLAW & LACY, INC.'S MOTION TO DISMISS

Defendants D&B Janitorial Services, Inc., erroneously sued as Roger Lacy d/b/a D & B Janitorial Services, and Laidlaw, Inc., erroneously sued as Laidlaw & Lacy, Inc. (Defendants), by their attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., and for their Motion to Dismiss Plaintiff Arthur Carson's Complaint, state as follows:

1. After obtaining leave to proceed on an *in forma pauperis* basis, Plaintiff Arthur Carson, a seasoned *pro se* litigant and serial plaintiff, filed his "Complaint for Employment Discrimination" in the Circuit Court of Pulaski County, Arkansas on August 14, 2018.

2. Though Plaintiff's Complaint fails to state a plausible claim upon which relief may be granted, Plaintiff's Complaint references three statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* (Title VII), the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16–123–101 *et seq.* (ACRA), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (FCRA). Despite referencing the FCRA, Plaintiff's Complaint only appears to assert claims for alleged race discrimination under Title VII and the ACRA.

237917

3. The Court should dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(4) and (b)(5) of the Federal Rules of Civil Procedure due to defective service and insufficient service of process.

    a. The Summons issued to Laidlaw & Lacy, Inc. is invalid because "Laidlaw & Lacy, Inc." is not an actual entity. To the extent that Plaintiff intended to name Laidlaw, Inc. as a party to this action, Plaintiff failed to properly identify that entity in his Complaint and in the Summons, and he further failed to identify Laidlaw, Inc.'s registered agent and address for service of process. Moreover, Plaintiff failed to identify his own name and address in the space provided in the Summons form. These are strict and indispensable requirements under Rule 4(b) of the Arkansas Rules, and as such, Plaintiff's attempt to serve any Laidlaw entity was deficient under Rule 12(b)(4).

    b. Even assuming *arguendo* that the Summons was not materially deficient under Rule 12(b)(4) and that Plaintiff named Laidlaw, Inc. as a defendant in this action, dismissal of the Complaint under Rule 12(b)(5) is still appropriate because the Summons and Complaint were not served on Laidlaw's registered agent—Jim Laidlaw. *See* ARK. R. CIV. P. 4(d)(5) (stating that service of process may be made upon a domestic corporation "by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons").

    c. The Complaint should also be dismissed as against D&B because Plaintiff failed to serve Mr. Lacy, D&B's registered agent, with a summons directed to D&B.

4. In addition, each of Plaintiff's discrimination claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff:

237917

a. Failed to establish that Defendants are "employers" as required by Title VII and the ACRA;

b. Failed to exhaust his administrative remedies under Title VII;

c. Appears to have asserted a claim against Mr. Lacy in his individual capacity under Title VII and the ACRA, which is unavailable as a matter of law;

d. Failed to assert any cognizable adverse employment action giving rise to liability under Title VII and the ACRA;

e. Attempted to bring a disparate impact claim under the ACRA, which the Court should hold requires a showing of intentional discrimination; and

f. Requested relief in his Complaint that is unavailable under Title VII and the ACRA.

5. Finally, to the extent that Plaintiff's Complaint could possibly be construed as asserting a claim under the FCRA, that claim should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks Article III standing sufficient to allow the Court to assert subject matter jurisdiction, and also pursuant to Rule 12(b)(6) because Plaintiff fails to allege any actual violation or injury under the FCRA against these Defendants.

6. Accordingly, and as discussed in greater detail in Section III of Defendants' accompanying and contemporaneously-filed Brief in Support, Plaintiff's Complaint should be dismissed in its entirety.

7. This Motion is further supported by the following exhibits, which are necessarily embraced by the pleadings or otherwise matters contained in the public record that do not operate to convert this Motion to a motion for summary judgment or motion for judgment on the pleadings, *Clark v. Northland Grp., Inc.*, 2014 WL 3828218, at *1 (D. Minn. Aug. 4, 2014):

237917

**EXHIBIT 1**   Information Pertaining to D&B from the Arkansas Secretary of State's Website;

**EXHIBIT 2**   Information Pertaining to Laidlaw from the Arkansas Secretary of State's Website;

**EXHIBIT 3**   Plaintiff's Application;

**EXHIBIT 4**   Plaintiff's Affidavit in Support of Request to Proceed *In Forma Pauperis*;

**EXHIBIT 5**   PACER Records from *Carson v. Quarterman*, 3:06-CV-252(B), at ECF No. 13 (N.D. Tex. 2006);

**EXHIBIT 6**   PACER Records from *Carson v. Hernandez*, Case No. 3:17-CV-1493, at ECF No. 3 (N.D. Tex. June 6, 2017);

**EXHIBIT 7**   PACER Records from *Carson v. Sumlin*, Case No. 4:15-CV-193, at ECF No. 3 (E.D. Ark. April 6, 2015);

**EXHIBIT 8**   Summons to Laidlaw & Lacy, Inc.;

**EXHIBIT 9**   PACER Records from *Carson v. Tune*, 4:17-CV-432 (BSM), at ECF No. 2 (E.D. Ark. July 5, 2017);

**EXHIBIT 10**   PACER Records from *Carson v. Arnette*, 3:11-CV-139(B), at ECF No. 1, P. 2 (N.D. Tex. January 25, 2011); and

**EXHIBIT 11**   PACER Records from *Carson v. Thompson*, 4:11-CV-733 (DPM), at ECF No. 1, P. 1 (E.D. Ark. October 5, 2011)).

WHEREFORE, Defendants D&B Janitorial Services, Inc., erroneously sued as Roger Lacy d/b/a D & B Janitorial Services, and Laidlaw, Inc., erroneously sued as Laidlaw & Lacy, Inc. (Defendants), respectfully request that the Court dismiss Plaintiff's Complaint and award them costs, expenses, and fees, and for all other just and proper relief to which they may be entitled. If the Court denies Defendants' Motion, Defendants alternatively request that the Court direct Plaintiff, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to provide a more definite statement as to the bases for his vague and unspecified allegations discussed above.

237917

Respectfully submitted,

*/s/ Abtin Mehdizadegan*
Missy McJunkins Duke (#99167)
Abtin Mehdizadegan (#2013136)
**CROSS, GUNTER WITHERSPOON & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: 501-371-9999 / Fax: 501-371-0035
E-mail: mduke@cgwg.com / abtin@cgwg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2018, I served a copy of the foregoing document upon the following in the manner specified below:

| **PLAINTIFF** | **ATTORNEY FOR FIRST ADVANTAGE CO.** |
|---|---|
| Arthur Carson | Jason Spak |
| 10434 W. 36th Street, Apt. 10-B | FisherBroyles, LLP |
| Little Rock, AR 72204 | P.O. Box 5262 |
| *Via Regular and Certified* | Pittsburgh, PA 15206 |
| *U.S. Mail* | Jason.Spak@fisherbroyles.com |
| | *Via Email* |

*/s/ Abtin Mehdizadegan*
Abtin Mehdizadegan

237917